IN THE SUPREME COURT OF NORTH CAROLINA

 2021-NCSC-87

 No. 461A20

 Filed 13 August 2021

 STATE OF NORTH CAROLINA

 v.
 JOHN FITZGERALD AUSTIN

 Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of

 the Court of Appeals, 273 N.C. App. 565, 849 S.E.2d 307 (2020), finding no error after

 appeal from a judgment entered on 8 May 2019 by Judge Todd Burke in Superior

 Court, Forsyth County. Heard in the Supreme Court on 17 May 2021.

 Joshua H. Stein, Attorney General, by Chris D. Agosto Carreiro, Assistant
 Attorney General, for the State-appellee.

 Jarvis John Edgerton, IV for defendant-appellant.

 BERGER, Justice.

¶1 On May 8, 2019, a Forsyth County jury found defendant John Fitzgerald

 Austin guilty of assault on a female and habitual misdemeanor assault. That same

 day, defendant pleaded guilty to attaining habitual felon status, and he was

 sentenced to 103 to 136 months in prison. Defendant appealed, arguing that the trial

 court impermissibly expressed an opinion during jury instructions concerning facts

 to be decided by the jury. A divided panel of the Court of Appeals upheld defendant’s

 conviction. State v. Austin, 273 N.C. App. 565, 849 S.E.2d 307 (2020). Defendant
 STATE V. AUSTIN

 2021-NCSC-87

 Opinion of the Court

 appeals to this Court pursuant to N.C.G.S. § 7A-30(2).

 I. Factual and Procedural Background

¶2 On January 6, 2018, Claudette Little and Scheherazade Bonner went to a

 Winston-Salem night club. Shortly after they arrived, Little received a phone call

 from defendant. Little and defendant were in a dating relationship at the time. Little

 testified that defendant called her because defendant did not believe her about her

 location.

¶3 Approximately thirty minutes later, defendant arrived at the night club with

 David Harris. Defendant asked Little to leave with him, but Little refused.

 Defendant left the night club around 1:30 a.m. on January 7, 2018. Little later left

 the night club with Bonner and Willis Williams and returned home. Defendant was

 not at the home when they arrived. Both Bonner and Williams subsequently left

 Little’s residence, and Little went to sleep.

¶4 Little was then awakened by defendant standing over her and yelling at her.

 Defendant assaulted Little multiple times, demanded that Little take off her clothes,

 and ordered her to perform oral sex on him. When defendant went to sleep, Little

 put on her clothes and ran out of the apartment. Little made contact with her

 daughter by phone and met her daughter on the side of the road. Little’s daughter

 testified that her mother was not properly dressed for a cold January morning.

¶5 That same day, Little and her daughter went to the magistrate’s office and
 STATE V. AUSTIN

 2021-NCSC-87

 Opinion of the Court

 sought a warrant against defendant for assault on a female. Defendant was

 subsequently indicted for assault on a female, habitual misdemeanor assault, and

 attaining habitual felon status.

¶6 On May 6, 2019, defendant’s matter came on for trial. Following the

 presentation of the evidence, the trial court instructed the jury on the charges of

 assault on a female and habitual misdemeanor assault. During the initial instruction

 on the charge of assault on a female, the trial court stated, in part:

 For you to find the defendant guilty of this offense, the
 State must prove three [things] beyond a reasonable doubt:

 First, that the defendant intentionally assaulted the
 alleged victim. It has been described in this case by the
 prosecuting witness that the defendant hit her upon her
 head, that he hit her on her arms, about her body.

 You are the finders of fact. You will determine what
 the assault was, ladies and gentlemen. The Court is not
 telling you what it is, I’m just giving you a description. And
 there was also testimony by the witness that the defendant
 asked her to perform, by force, another act, which could be
 considered an assault. But you will determine what the
 assault was. I’m not telling you what it is. And if what I’m
 saying is the evidence and your recollection is different
 from what I say, you still should rely upon your recollection
 of the evidence, as to what the assault is that has been
 testified to in this case.

¶7 The next day, following a request from the jury, the trial court reinstructed the

 jury on the charge of assault on a female:

 You requested specifically the substantive instructions for
 assault on a female and habitual misdemeanor[ ] assault.
 STATE V. AUSTIN

 2021-NCSC-87

 Opinion of the Court

 Ladies and gentlemen, I will define, again, first. An
 assault does not necessarily have to involve contact, it
 could be putting someone in fear or imminent
 apprehension of contact, threatening contact. . . . In this
 case the particular assault has been described as hitting
 the prosecuting witness, Ms. Claudette Little, about her
 body multiple times. Yesterday I mentioned some other act
 based upon the testimony at the trial, that she stated that
 she was forced to perform. But for purposes of this trial,
 you do not have to consider that, just that it is alleged that
 she was hit about her body multiple times. Whether that—
 whatever part of the body that may be, head, face, torso,
 arms, legs, that will be for you to determine as you are the
 finders of fact.

¶8 Defendant did not object to any of the trial court’s jury instructions at trial.

 Defendant was found guilty of assault on a female and habitual misdemeanor assault,

 and he pleaded guilty to attaining habitual felon status.

¶9 In the Court of Appeals, defendant argued that the trial court had improperly

 expressed its opinion during jury instructions that an assault had occurred. Austin,

 273 N.C. App. at 568, 849 S.E.2d at 310. The Court of Appeals found no error and

 upheld defendant’s conviction. Id. at 575, 849 S.E.2d at 314. Based on a dissenting

 opinion, defendant appealed to this Court, arguing that the trial court’s comments

 were improper expressions of opinion which prejudiced defendant. We disagree.

 II. Standard of Review

¶ 10 Initially, we note that both parties failed to cite the proper standard of review

 in their briefs. Defendant contends that we should utilize a de novo standard of

 review, relying on a Court of Appeals’ opinion in Staton v. Brame, 136 N.C. App. 170,
 STATE V. AUSTIN

 2021-NCSC-87

 Opinion of the Court

 523 S.E.2d 424 (1999), a civil case that bears no relation to the issues in this case.

 The State argues that the appropriate standard of review is plain error. However,

 plain error review is available under Rule 10(a)(4) only when a defendant specifically

 argues plain error for an unpreserved instructional or evidentiary error. N.C. R. App.

 P. 10(a)(4); see generally State v. Lawrence, 365 N.C. 506, 723 S.E.2d 326 (2012).

¶ 11 Rule 10 of the North Carolina Rules of Appellate Procedure provides, in part:

 In order to preserve an issue for appellate review, a party
 must have presented to the trial court a timely request,
 objection, or motion, stating the specific grounds for the
 ruling the party desired the court to make if the specific
 grounds were not apparent from the context. It is also
 necessary for the complaining party to obtain a ruling upon
 the party’s request, objection, or motion. Any such issue
 that was properly preserved for review by action of counsel
 taken during the course of proceedings in the trial tribunal
 by objection noted or which by rule or law was deemed
 preserved or taken without any such action, including, but
 not limited to, whether the judgment is supported by the
 verdict or by the findings of fact and conclusions of law,
 whether the court had jurisdiction over the subject matter,
 and whether a criminal charge is sufficient in law, may be
 made the basis of an issue presented on appeal.

 N.C. R. App. P. 10(a)(1) (emphasis added).

¶ 12 Thus, pursuant to Rule 10(a)(1), an alleged error may only be preserved by

 either a party’s timely objection or by operation of rule or law. Rule 10 “generally

 require[s] that parties take some action to preserve an issue for appeal.” State v.

 Meadows, 371 N.C. 742, 746, 821 S.E.2d 402, 405 (2018) (citing N.C. R. App. P.

 10(a)(1)). However, when a party fails to note a timely objection to an alleged error,
 STATE V. AUSTIN

 2021-NCSC-87

 Opinion of the Court

 yet later raises the issue on appeal, we must determine whether the alleged error is

 deemed preserved by operation of rule or law. See N.C. R. App. P. 10(a)(1).

¶ 13 A statute will automatically preserve an issue for appellate review if the

 statute “either: (1) requires a specific act by a trial judge; or (2) leaves no doubt that

 the legislature intended to place the responsibility on the judge presiding at the

 trial[.]” In re E.D., 372 N.C. 111, 121, 827 S.E.2d 450, 457 (2019) (cleaned up).

¶ 14 Section 15A-1222 and Section 15A-1232 of the General Statutes of North

 Carolina specifically prohibit a trial court judge from expressing an opinion during

 trial and when instructing the jury. Accordingly, “[w]henever a defendant alleges a

 trial court made an improper statement by expressing an opinion on the evidence in

 violation of N.C.G.S. §§ 15A-1222 and 15A-1232, the error is preserved for review

 without objection due to the mandatory nature of these statutory prohibitions.” State

 v. Duke, 360 N.C. 110, 123, 623 S.E.2d 11, 20 (2005) (citation omitted).

¶ 15 When an alleged statutory violation by the trial court is properly preserved,

 either by timely objection or, as in this case, by operation of rule or law, we review for

 prejudicial error pursuant to N.C.G.S. § 15A-1443(a). See Lawrence, 365 N.C. at 512,

 723 S.E.2d at 330 (citing N.C.G.S. § 15A-1443(a) and stating that “if the [preserved]

 error relates to a right not arising under the United States Constitution, . . . review

 requires the defendant to bear the burden of showing prejudice.”).

¶ 16 N.C.G.S. § 15A-1443(a) provides,
 STATE V. AUSTIN

 2021-NCSC-87

 Opinion of the Court

 A defendant is prejudiced by errors relating to rights
 arising other than under the Constitution of the United
 States when there is a reasonable possibility that, had the
 error in question not been committed, a different result
 would have been reached at the trial out of which the
 appeal arises. The burden of showing such prejudice under
 this subsection is upon the defendant.

 N.C.G.S. § 15A-1443(a) (2019).1

¶ 17 When reviewing alleged improper expressions of judicial opinion under this

 standard, we utilize a totality of the circumstances test to determine whether the

 trial court’s “comments cross[ed] into the realm of impermissible opinion.” State v.

 Larrimore, 340 N.C. 119, 155, 456 S.E.2d 789, 808 (1995). Pursuant to N.C.G.S. §

 15A-1443(a), a defendant must also show that the comments had such a prejudicial

 effect that there is a reasonable possibility of a different result absent the error.2 See,

 1 While the right to a fair trial does implicate constitutional concerns, defendant’s

 argument is based upon statutory violations of N.C.G.S. §§ 15A-1222 and 15A-1232.
 Therefore N.C.G.S. § 15A-1443(a) applies and not N.C.G.S. § 15A-1443(b).
 2 We have applied the prejudicial error standard set forth in N.C.G.S. § 15A-1443(a)

 in a variety of cases and have consistently held that judicial error does not automatically
 warrant a new trial unless the defendant shows the error was prejudicial by demonstrating
 a reasonable possibility that, absent the error, a different result would have been reached.
 See State v. Corey, 373 N.C. 225, 237, 835 S.E.2d 830, 838 (2019) (holding that trial court’s
 failure to comply with N.C.G.S. § 15A-1231(b) before submitting the issue of whether an
 aggravating factor existed in the case was not materially prejudicial under N.C.G.S. § 15A-
 1443(a)); State v. Mumma, 372 N.C. 226, 242, 827 S.E.2d 288, 298–99 (2019) (holding that
 trial court’s error in allowing the jury to review graphic photographs of the murder victim
 over the defendant’s objection was not prejudicial error under N.C.G.S. § 15A-1443(a)); State
 v. Malachi, 371 N.C. 719, 821 S.E.2d 407 (2018) (holding that trial court’s error in instructing
 the jury that it could find the defendant guilty of possession of a firearm based on constructive
 possession did not prejudice the defendant under N.C.G.S. § 15A-1443(a)); State v. Starr, 365
 N.C. 314, 319, 718 S.E.2d 362, 366 (2011) (holding that the trial court’s denial of the jury’s
 request to review trial transcript did not prejudice the defendant under N.C.G.S. § 15A-
 1443(a)).
 STATE V. AUSTIN

 2021-NCSC-87

 Opinion of the Court

 e.g., Larrimore, 340 N.C. at 155, 456 S.E.2d at 808; State v. Anthony, 354 N.C. 372,

 402, 555 S.E.2d 557, 578 (2001); State v. Berry, 235 N.C. App. 496, 508, 761 S.E.2d

 700, 708 (2014), rev’d per curiam, 368 N.C. 90, 773 S.E.2d 54 (2015).

 III. Analysis

¶ 18 On appeal, defendant argues that the trial court violated N.C.G.S. §§ 15A-1222

 and 15A-1232 by improperly expressing its opinion during jury instructions and that

 this violation requires a new trial. Section 15A-1222 states, “[t]he judge may not

 express during any stage of the trial, any opinion in the presence of the jury on any

 question of fact to be decided by the jury.” N.C.G.S. § 15A-1222 (2019). Section 15A-

 1232 states, “[i]n instructing the jury, the judge shall not express an opinion as to

 whether or not a fact has been proved and shall not be required to state, summarize

 or recapitulate the evidence, or to explain the application of the law to the evidence.”

 N.C.G.S. § 15A-1232 (2019). Accordingly, when read together, the plain language of

 the statues makes it improper for a trial judge to insert his opinion into any portion

 of the trial, including jury instructions.

¶ 19 Moreover, N.C.G.S. §§ 15A-1222 and 15A-1232 also impose “[t]he duty of

 absolute impartiality . . . on the trial judge.” State v. Best, 280 N.C. 413, 417, 186

 S.E.2d 1, 4 (1972) (citing N.C.G.S. § 1-180 (repealed in 1977 and superseded by

 N.C.G.S. §§ 15A-1222 and 15A-1232)); see State v. Hewett, 295 N.C. 640, 643–44, 247

 S.E.2d 886, 888 (1978) (recognizing the implicit embodiment of N.C.G.S. § 1-180 in
 STATE V. AUSTIN

 2021-NCSC-87

 Opinion of the Court

 N.C.G.S. §§ 15A-1222 and 15A-1232). However, while this duty prohibits any

 expression of judicial opinion at trial, not every “impropriety by the trial judge . . .

 result[s] in prejudicial error.” State v. Blackstock, 314 N.C. 232, 236, 333 S.E.2d 245,

 248 (1985).

¶ 20 “A remark by the court is not grounds for a new trial if, when considered in the

 light of the circumstances under which it was made, it could not have prejudiced

 defendant’s case.” State v. King, 311 N.C. 603, 618, 320 S.E.2d 1, 11 (1984). “[A]n

 alleged improper statement will not be reviewed in isolation, but will be considered

 in light of the circumstances in which it was made.” State v. Jones, 358 N.C. 330,

 355, 595 S.E.2d 124, 140 (2004) (quoting State v. Weeks, 322 N.C. 152, 158, 367 S.E.2d

 895, 899 (1988)). “The bare possibility . . . that an accused may have suffered

 prejudice from the conduct or language of the judge is not sufficient to overthrow an

 adverse verdict.” State v. Carter, 233 N.C. 581, 583, 65 S.E.2d 9, 10–11 (1951) (citing

 State v. Jones, 67 N.C. 285 (1872)).

¶ 21 Here, during the trial court’s initial instruction to the jury for the assault on a

 female charge, the trial court stated:

 You are the finders of fact. You will determine what
 the assault was, ladies and gentlemen. The Court is not
 telling you what it is, I’m just giving you a description. . . .
 But you will determine what the assault was. I’m not
 telling you what it is. And if what I’m saying is the evidence
 and your recollection is different from what I say, you still
 should rely upon your recollection of the evidence, as to
 what the assault is that has been testified to in this case.
 STATE V. AUSTIN

 2021-NCSC-87

 Opinion of the Court

¶ 22 The trial court subsequently also instructed the jury:

 The law requires the presiding judge to be impartial.
 You should not infer from anything I have done or said that
 the evidence is to be believed or disbelieved, that a fact has
 been proved or what your findings ought to be. It is your
 duty to find the facts and to render a verdict reflecting the
 truth.

¶ 23 After a request by the jury, the trial court provided the following instruction:

 Ladies and gentlemen, I will define, again, first. An
 assault does not necessarily have to involve contact, it
 could be putting someone in fear or imminent
 apprehension of contact, threatening contact. But the facts
 of this case have demonstrated that the—there was actual
 contact, that’s a touching of some form that is
 nonconsensual and unwanted by the other party. In this
 case the particular assault has been described as hitting
 the prosecuting witness, Ms. Claudette Little, about her
 body multiple times. . . . But for purposes of this trial, you
 do not have to consider that, just that it is alleged that she
 was hit about her body multiple times. Whether that—
 whatever part of the body that may be, head, face, torso,
 arms, legs, that will be for you to determine as you are the
 finders of fact.

¶ 24 Further, the trial court again instructed on the charge of assault on a female

 at the jury’s request. During this instruction, the trial court stated the following:

 And just for you—I already told you this, no matter what I
 said, it’s for you to determine what happened, not me. The
 facts are not what the attorneys say. The facts are not what
 I say. You determine what happened in this case. I’m just
 merely describing what has been alleged, and that is that
 the defendant is accused of hitting the prosecuting witness
 about her body multiple times.

¶ 25 Even if we assume the trial court violated the statutory prohibitions against
 STATE V. AUSTIN

 2021-NCSC-87

 Opinion of the Court

 the expression of opinion, defendant cannot show a reasonable possibility of a

 different result.

¶ 26 Here, for the charge of assault on a female, the State was required to prove

 that (1) defendant intentionally assaulted Little, (2) Little was a female person, and

 (3) defendant was a male person at least eighteen years of age. N.C.G.S. § 14-33(c)(2)

 (2019). Little testified in detail at trial concerning defendant’s criminal conduct.

 Little testified that defendant wrapped a belt around his hand and struck her several

 times in her head, face, and arm. The State entered into evidence photographs which

 showed numerous bruises to Little’s face and arm. In addition, the State also

 presented evidence through the testimony of other witnesses which corroborated

 Little’s testimony. Specifically, testimony from Bonner and Little’s daughter

 corroborated Little’s timeline of events leading up to and following the assault.

¶ 27 The State presented evidence at trial which satisfied the elements of the

 predicate assault, and the trial court’s instruction made clear that the jury alone was

 responsible for making this determination. After reviewing the totality of the

 circumstances including the instructions provided by the trial court and the evidence

 presented at trial, we conclude that defendant received a fair trial free from

 prejudicial error, and the decision of the Court of Appeals is affirmed.

 AFFIRMED.
 Justice EARLS dissenting.

¶ 28 When the presiding judge speaks during a trial, we presume the jury listens.

 As the most visible representative of our legal system, “[t]he trial judge occupies an

 exalted station.” State v. Carter, 233 N.C. 581, 583 (1951). To eliminate the risk that

 a jury will convict (or fail to convict) a defendant based upon its perception of the

 judge’s opinion of what the evidence proves (or does not prove)—rather than the jury’s

 own examination of the evidence presented by the parties—North Carolina law

 prohibits a trial judge from “express[ing] during any stage of the trial, any opinion in

 the presence of the jury on any question of fact to be decided by the jury.” N.C.G.S.

 § 15A-1222 (2019); see also N.C.G.S. § 15A-1232 (2019) (“In instructing the jury, the

 judge shall not express an opinion as to whether or not a fact has been proved . . . .”).

 The majority in this case fails to give proper weight to this statutory mandate by

 refusing to engage meaningfully in a prejudice analysis and instead ignoring any

 impact the judge’s instructions had on the jury.

¶ 29 The defendant here, John Fitzgerald Austin, did not object to the trial judge’s

 improper expressions of opinion at the time they were communicated to the jury.

 However, as the majority correctly explains, Austin’s claim that the trial judge

 impermissibly expressed an opinion in violation of N.C.G.S. §§ 15A-1222 and 15A-

 1232 is preserved by operation of law. Where I depart from the majority is in its

 treatment of the merits of Austin’s claim. I would hold that the trial judge violated

 N.C.G.S. §§ 15A-1222 and 15A-1232 by impermissibly communicating to the jury his
 STATE V. AUSTIN

 2021-NCSC-87

 Earls, J., dissenting

 opinion regarding the events underlying Austin’s conviction and that Austin was

 prejudiced thereby.

¶ 30 The majority assumes without deciding that the trial judge “violated the

 statutory prohibitions against the expression of opinion.”1 However, we should have

 no difficulty concluding from the transcript of the trial in this case that the trial judge

 erred in phrasing instructions to the jury which presupposed the veracity of the

 complaining witness’s allegation that Austin assaulted her, a fact necessary to

 support Austin’s conviction for the offense of assault on a female. Recognizing the

 seriousness of the error is an important part of assessing whether the error was

 prejudicial.

¶ 31 The trial judge improperly communicated his opinion that this alleged fact had

 been proven on no less than three occasions. Moreover, these were not statements

 made in passing, but rather all were made during jury instructions when the jury’s

 focus was exclusively on the trial judge. First, the trial judge informed the jury that

 1 In a recent article, one scholar argued that the practice of disposing of cases by

 finding no prejudice, without examining the merits of a criminal defendant’s underlying
 claim that his or her procedural rights were violated, both “seriously diminishes the
 incentives of trial judges, prosecutors, and relevant organizational and systemic entities to
 abide by procedural law” and “stymies the vital process of norm clarification.” Justin Murray,
 Policing Procedural Errors in the Lower Criminal Courts, 89 Fordham L. Rev. 1411, 1430
 (2021). Although I do not doubt that all actors in our judicial system are doing their level best
 to rigorously adhere to all procedural requirements intended to ensure that criminal
 defendants are treated fairly, I share Professor Murray’s concern that too frequently
 disposing of cases in this manner leaves these actors—and criminal defendants—bereft of
 important guidance regarding the scope of the procedural rights afforded to defendants by
 the people of North Carolina through our Constitution and statutes.
 STATE V. AUSTIN

 2021-NCSC-87

 Earls, J., dissenting

 its task was to “determine what the assault was, ladies and gentlemen.” (Emphasis

 added.) Second, the trial judge explained to the jury that “the facts of this case have

 demonstrated that the—there was actual contact, that’s a touching of some form that

 is nonconsensual and unwanted by the other party.” (Emphasis added.) Third, the

 trial judge instructed the jury that “it is alleged that [the complaining witness] was

 hit about her body multiple times. Whether that—whatever part of the body that may

 be, head, face, torso, arms, legs, that will be for you to determine as you are the finders

 of fact.” (Emphasis added.) Each of these statements presumes Austin actually

 assaulted the complaining witness. And because the only three facts necessary to

 sustain a conviction under N.C.G.S. § 14-33(c)(2) are (1) that the victim was female,

 (2) that the perpetrator was a male person at least 18 years of age, and (3) that the

 male perpetrator assaulted the female victim, N.C.G.S. § 14-33(c)(2) (2019), these

 statements effectively communicated the trial judge’s opinion that Austin was guilty

 as charged.

¶ 32 Whether Austin actually assaulted the complaining witness as that witness

 alleged was a question for the jury to decide on the basis of the evidence presented at

 trial. An appropriate instruction would have informed the jury of its obligation to

 determine if Austin had assaulted the complaining witness. Instead, the trial judge’s

 comments communicated that there was no disputing that Austin had committed an

 assault and, by extension, that there was no other verdict the jury could reach but to
 STATE V. AUSTIN

 2021-NCSC-87

 Earls, J., dissenting

 find Austin guilty. Even if the State’s evidence was uncontroverted, it was still for

 the jury to decide if the State had proven beyond a reasonable doubt that Austin

 violated N.C.G.S. § 14-33(c)(2), not the trial judge.

¶ 33 In addition to arguing that the trial judge’s statements were not improper, the

 State also contends that even if they were, any improper expression of judicial opinion

 was “cured” by the delivery of instructions properly charging the jury with deciding

 Austin’s guilt or innocence. The majority concludes that any allegedly improper

 expression of opinion could not be prejudicial in part because “the trial court’s

 instruction made clear that the jury alone was responsible for making th[e]

 determination” of Austin’s guilt. However, a boilerplate recitation of the jury’s

 ultimate responsibility to decide which facts have been proven does not erase the

 prejudicial effect of the trial judge repeatedly instructing the jury that an assault has

 occurred, a key fact in this case. The question of whether a trial judge has properly

 instructed the jury on the jury’s role as the factfinder in a criminal trial is distinct

 from the question of whether the trial judge has improperly weighed in by

 communicating his or her view of what the facts are. Even if the jury knows it is its

 responsibility alone to find the facts, the risk is that it will discharge this

 responsibility improperly influenced by the understanding that the trial judge

 believes the defendant is guilty.

¶ 34 The majority does not cite any case law in its cursory analysis of the trial
 STATE V. AUSTIN

 2021-NCSC-87

 Earls, J., dissenting

 judge’s allegedly improper expressions of opinion. Our precedents make clear that the

 trial judge’s statements in this case violated N.C.G.S. §§ 15A-1222 and 15A-1232. In

 the cases where we have rejected a defendant’s claim that a trial judge violated

 N.C.G.S. §§ 15A-1222 and 15A-1232, we have held that the trial judge’s comments

 could not be understood as expressions of opinion when read in context. We examined

 the totality of the circumstances and concluded the trial judge did not improperly

 express an opinion. We did not conclude an error was not prejudicial merely because

 “the State presented evidence at trial which satisfied the elements of the predicate

 assault, and the trial court’s instruction made clear that the jury alone was

 responsible for making this determination.”

¶ 35 For example, in Young, the trial judge instructed the jury that “[t]here is

 evidence in this case which tends to show that the defendant confessed that he

 committed the crime charged in this case.” 324 N.C. at 494. The defendant claimed

 that the trial judge’s “instructions concerning evidence ‘tending to show’ that he had

 ‘confessed’ to the crime charged, together with its subsequent statement that he was

 accused of first degree murder, amounted to an expression of opinion on the evidence

 in violation of the statutes.” Id. at 495. We disagreed, explaining that “[t]he use of the

 words ‘tending to show’ or ‘tends to show’ in reviewing the evidence does not

 constitute an expression of the trial court's opinion on the evidence.” Id. We also

 explained that the use of the term “confessed” “did not amount to an expression of
 STATE V. AUSTIN

 2021-NCSC-87

 Earls, J., dissenting

 opinion by the trial court that the defendant in fact had confessed.” Id. at 498.

 Instead, we reasoned that the portions of the jury instructions the defendant

 challenged, when read in context, were not improper expressions of opinion because

 they “made it clear that, although there was evidence tending to show that the

 defendant had confessed, the trial court left it entirely for the jury to determine

 whether the evidence showed that the defendant in fact had confessed.” Id.

¶ 36 Similarly, in other cases, we have held that the trial judge did not communicate

 an opinion when the challenged language was read in context, not that the trial

 judge’s improper expression of opinion was remedied by a subsequent clarification or

 the existence of some evidence proving the elements of the charged offense. Thus, in

 State v. Meyer, we concluded that the trial judge’s explanation during the sentencing

 phase of a capital trial that an alleged aggravating circumstance “applies equally to

 both murders” did not improperly suggest the aggravating factor had been proven

 because, read in context, the trial judge was “merely reiterat[ing] its previous

 admonition that ‘the law as to both of the counts is generally the same since you will

 be considering the same aggravating and mitigating circumstances.’ ” 353 N.C. 92,

 107 (2000).

¶ 37 Indeed, this case is largely indistinguishable from decisions in which we have

 held that a trial judge prejudicially erred in conveying his or her opinion regarding

 how the jury should resolve an important factual issue. For example, in State v.
 STATE V. AUSTIN

 2021-NCSC-87

 Earls, J., dissenting

 McEachern, we held that the trial judge erred when he asked the prosecuting witness

 in a rape case whether she was “in the car when you were raped.” 283 N.C. 57, 59–62

 (1973). We reasoned that although the trial judge did not explicitly state an opinion

 regarding the defendant’s commission of the alleged criminal offense, the way the

 trial judge framed the inquiry communicated this view because it “[a]ssumed that

 defendant had raped [the complaining witness].” Id. at 62. In State v. Oakley, we held

 that the trial judge erred when he asked a witness if the witness had “tracked the

 defendant to [a] house,” despite the witness testifying only that he tracked some

 unknown individual to the house. 210 N.C. 206, 211 (1936) (emphasis added).

 Although the trial judge immediately clarified that he “didn’t mean to say the

 defendant,” we reasoned that the question improperly revealed a belief regarding an

 issue of such critical importance to the jury’s deliberations that an immediate

 clarification was insufficient to guarantee the defendant a fair trial. Id.

¶ 38 As in McEachern and Oakley, the trial judge in this case assumed the existence

 of a fact which had not yet been decided by the jury and, in doing so, illustrated for

 the jury his opinion that the State had met its burden of proving an essential fact

 beyond a reasonable doubt.

¶ 39 I would also conclude that the trial judge’s impermissible expressions of

 opinion prejudiced Austin. In examining whether the trial judge’s violations of

 N.C.G.S. §§ 15A-1222 and 15A-1232 were prejudicial, we should consider (1) how
 STATE V. AUSTIN

 2021-NCSC-87

 Earls, J., dissenting

 suggestive the trial judge’s comments were, (2) how important the issue on which the

 trial judge expressed an opinion was to the jury’s ultimate determination of guilt, and

 (3) the strength of the evidence supporting the defendant’s conviction. In this case,

 all three factors indicate the trial judge’s comments were extremely prejudicial.

¶ 40 First, the trial judge’s comments implicitly, but unmistakably, informed the

 jury that in the trial judge’s opinion, the complaining witness’s narrative of events

 was true and there was no question as to whether Austin had assaulted her. Second,

 the comments addressed the sole disputed factual predicate the State needed to prove

 in order to obtain Austin’s conviction. Third, the evidence of Austin’s guilt—while

 uncontroverted—was not overwhelming. The only direct evidence the State presented

 at trial was the complaining witness’s testimony, which was not entirely consistent

 with the statements she initially provided to law enforcement. The State also

 presented testimony from acquaintances of the complaining witness who, in broad

 strokes, corroborated the timeline of events on the night Austin purportedly

 committed the assault but who did not witness any part of the alleged altercation,

 and the State presented a photograph of the witness’s injuries which she took herself,

 purportedly at some unspecified time after the assault occurred. Although this

 evidence was not directly called into dispute, it is not so convincing as to exclude the

 possibility that the alleged assault either did not occur or did not unfold in the

 manner the complaining witness described. The majority’s statement of facts
 STATE V. AUSTIN

 2021-NCSC-87

 Earls, J., dissenting

 describes a violent sexual offense, yet Austin was tried for misdemeanor assault on a

 female. This is precisely the kind of case, dependent on the testimony of a single

 witness, where a trial judge’s communication of his belief in the defendant’s guilt can

 tip the scales for the jury.

¶ 41 “Jurors entertain great respect for [the trial judge’s] opinion, and are easily

 influenced by any suggestion coming from him [or her].” Carter, 233 N.C. at 583. In

 this case, the trial judge repeatedly conveyed his opinion that Austin perpetrated an

 assault on the complaining witness. Given just how suggestive the trial judge’s

 statements were—and given that the statements cut to the core of the State’s case

 against Austin—I conclude that the trial judge’s expressions of opinion both violated

 N.C.G.S. §§ 15A-1222 and 15A-1232 and had such a prejudicial effect that there is a

 reasonable possibility of a different result absent the error. Accordingly, I respectfully

 dissent.